## Erasmus B. Allison, Appellee, v. Ellis Y. Allison et al., Appellants.

APPEALS AND ERRORS—*when assignments of error not considered.* A party who appears to have no interest in the subject-matter of a controversy and who by his pleadings has disclaimed any interest will not be heard upon appeal with respect to an action of the court which did not affect him.

Partition. Appeal from the Circuit Court of Edgar county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the June term, 1910. Affirmed. Opinion filed October 9, 1911.

SHEPHERD & TROGDON, for appellant; JAMES ESSICK, of counsel.

FRANK T. O'HAIR, for appellee.

MR. JUSTICE FROST delivered the opinion of the court.

This is a partition suit brought by appellee, Erasmus V. Allison, against appellant, Ellis Y. Allison, Mary Virginia Allison and the Trevett-Mattis Banking Co. Mary Virginia Allison is a niece of appellee, to whom appellee had, prior to the commencement of this suit, deeded an undivided one-half interest in the premises sought to be partitioned. Appellant, Ellis Y. Allison, is a nephew of appellee, and was made a party to

the partition bill because, as is alleged in the bill, said Ellis Y. Allison, "has claimed some interest, right or title in the real estate sought to be partitioned." The bill denies that said Ellis Y. Allison has any interest. The Trevett-Mattis Banking Co. were made defendants because of a mortgage held by it. Ellis Y. Allison filed an answer denying that he has any interest in the land, but alleging in his answer that appellee is in his dotage, feeble in mind and body, and controlled in his actions, life and business affairs by one William D. T. Travers, and appellant, Mary Virginia Allison; that the partition is a sham, and asks the court to appoint a guardian *ad litem* or next friend to care for the interests of appellee, Erasmus V. Allison, and to inquire into his mental capacity to conduct the suit or to make the deed to Mary Virginia Allison.

Appellee excepted to the amended answer of Ellis Y. Allison, and in the decree certain paragraphs in the answer, namely, paragraphs five, six and seven, covering the above allegations, were stricken out by the court, leaving the appellant's answer to stand upon his disclaimer and allowing partition of the land as set forth in the bill. Appellant, Ellis Y. Allison, has assigned numerous errors upon the action of the court.

It is difficult to see what legal or equitable right Ellis Y. Allison has to complain in this matter. He was an improper party to the suit. He had no interest in the land sought to be partitioned, and his answer disclaimed any interest therein. His attempt in his answer to have a guardian *ad litem* or next friend appointed for the appellee and inquiry made into appellee's mental condition of the influence exercised by others over him, was manifestly improper, and he is not entitled to be heard in this court upon the matters assigned for error.

The decree was proper and should be affirmed.

*Affirmed.*